# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10419 | **DATE** | 1/3/2013 |
| **CASE TITLE** | Dorothy A. Moore-Fotso v. Board of Education City of Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies Plaintiff's application for leave to proceed *in forma pauperis* [5] and gives Plaintiff 30 days from the date of this order to pay the $350 filing fee. If Plaintiff does not comply with this order within that time frame, her case will be dismissed without prejudice. Plaintiff's motion for appointment of counsel [6] is denied without prejudice.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff's application for leave to proceed *in forma pauperis* [5] and her motion for appointment of counsel [6]. The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to pursue a case in federal court without fees and costs provided that the litigant submits an affidavit which asserts an inability "to pay such fees or give security therefor," 28 U.S.C. § 1915(a)(1), so long as the action is neither frivolous nor malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

The Court relies on the financial affidavit filed along with the *in forma pauperis* application to assess a party's claim to indigency. In order to file and proceed on a lawsuit *in forma pauperis* – that is, without paying the filing fee – "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, No. 89 C 3518, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989); see also *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). To measure poverty level, many judges in this district use the poverty guidelines promulgated by the United States Department of Health and Human Services (available at http://aspe.hhs.gov/poverty/12poverty.shtml). The HHS poverty guidelines for 2012 for the 48 contiguous states and the District of Columbia set the poverty level for a family of one at an annual income level of $11,170.

Plaintiff alleges that she was discriminated against on the basis of a disability. In Plaintiff's financial affidavit, she avers that she currently is employed, working approximately 3 days/month as a substitute teacher for Defendant Board of Education. In the section asking for information about additional income, Plaintiff states that she receives disability in the amount of $49,668 per year. She also states that she has $5,000.00 in cash or in a checking or savings account and that she owns her home (valued at $110,000) and a 2009 Jeep Commander (valued at $25,698).

| STATEMENT |
|---|

Based on the information provided by Plaintiff, the Court is able to determine that Plaintiff's income does not fall below the poverty line. Considering only her disability assistance, Plaintiff makes approximately $50,000 per year. Thus, even without considering her salary or any other funds, real estate, or personal property, Plaintiff's income is over four times the poverty level for a family of one and she does not qualify to proceed on this lawsuit *in forma pauperis*. Thus, Plaintiff's application to proceed *in forma pauperis* [5] is denied. Plaintiff is given 30 days from the date of this order to pay the $350 filing fee. If Plaintiff does not comply with this order within that time frame, her case will be dismissed without prejudice.

The Court also denies Plaintiff's motion for appointment of counsel [6] at this time. Civil litigants have no constitutional or statutory right to counsel in federal court. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner,* 697 F. 2d 761, 763 (7th Cir. 1983). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself or herself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The Court should consider the capabilities of Plaintiff to litigate her own case in deciding whether or not to appoint counsel. *Pruitt v. Mote,* 503 F. 3d 647, 654-55 (7th Cir. 2007) (en banc). It should also be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.

After considering the pertinent factors, the Court cannot determine at this early stage of the case whether Plaintiff would be capable of trying this case herself or whether assistance of counsel would provide a substantial benefit to the Court or the parties. Therefore, Plaintiff's motion for appointment of counsel [6] is denied without prejudice. The Court may reconsider the appointment of counsel issue at a later stage of the case if it Plaintiff pays the filing fee and if it appears that the standards set forth above are satisfied.